IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>    Plaintiff,<br><br>  v.<br><br>VALDEZ-PERNER; K. ROYAL; L. KIRBY; J. RISENHOOVER; B. CHACER; E. ENOS; D. THORNBERG; JIM ROBERTSON; M. HODGES; M. VOONG; C. MUNOZ; R. TOLSON; M. GIORGI,<br><br>    Defendants.<br>_____/ | No. C 20-4801 WHA (PR)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL** |

## INTRODUCTION

Plaintiff is a California prisoner who filed this pro se complaint under 42 U.S.C. § 1983 against prison officials and a state court judge for violating his constitutional rights. For the reasons discussed below, certain claims are **DISMISSED** for failure to state a cognizable claim for relief, and the complaint is ordered served upon certain defendants Vasquez based upon plaintiff's cognizable claim. Leave to proceed in forma pauperis is granted in a separate order.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which a plaintiff seeks to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(e). In its review the court must dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at §

1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **LEGAL CLAIMS**

Plaintiff claims that several defendants improperly confiscated, lost, or destroyed his beard trimmer, television, and other pieces of personal property. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy precludes relief because it provides sufficient procedural due process. *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides such an adequate post-deprivation remedy.

*Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Consequently, plaintiff's property claims are not cognizable.

Plaintiff also claims that defendants improperly processed and denied certain administrative grievances, transferred him to another prison, and filed a false disciplinary report against him. None of these allegations implicate his constitutional rights. *First*, the state may transfer a prisoner to any of its institutions without offending the Constitution. *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985). *Second*, there is no constitutional right to a prison administrative appeal or grievance system. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). *Third*, the fact that a prisoner may have been innocent of disciplinary charges does not raise a due process issue because the Constitution demands due process, not error-free decision-making. *Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994). Plaintiff's claims challenging his transfer to another person, the handling of his grievances, and disciplinary report are not cognizable.

Plaintiff claims that a judge made incorrect rulings in one of plaintiff's cases in state court. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Plaintiff's claims against defendant Judge M. Giorgi are not cognizable.

Plaintiff claims that defendant Valdez-Perner retaliated against him for filing administrative grievances against prison officials. When liberally construed, these allegations state a claim upon which relief can be granted for violating plaintiff's First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (a prisoner may not be retaliated against for using a prison's administrative procedures).

**CONCLUSION**

For the reasons set out above,

1. Plaintiff states a cognizable claim against defendant Valdez-Perner for retaliating against him for exercising his First Amendment rights. All other claims are **DISMISSED**.

2. Defendant Valdez-Perner shall be served at Pelican Bay State Prison.

3

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. The remaining defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

a. No later than **91 days** from the date this order is filed, the remaining defendants, including those who have been ordered served above, shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

4

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e. Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

  5. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

  6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

//

//

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: March   11  , 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.